UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>                 Plaintiff,<br><br>v.<br><br>CORBY,<br><br>                 Defendant. | Case No. 23-10090<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF
(ECF NO. 17)**

      Plaintiff Toran Peterson, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) officer Corby under 42 U.S.C. § 1983, alleging that he used excessive force in two incidents in July and August 2022.  ECF No. 1.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.

      Peterson, now housed at Ionia Maximum Correctional Facility (ICF), moves for emergency injunctive relief—seeking video footage and a transfer to a different security classification—related to a June 2023 incident.  ECF No. 17.  Peterson's requests for relief are wholly unrelated to

the 2022 claims in his complaint. And Peterson does not even claim that Corby—the only defendant in this case—was involved in the new issues.

"Courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the conduct alleged in the complaint." *Worth v. Wamsley*, No. 2:17-CV-43, 2017 WL 1227672, at *2 (S.D. Ohio Apr. 4, 2017), *adopted*, 2018 WL 1315017 (S.D. Ohio Mar. 14, 2018) (collecting cases); *see also Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). The Court thus recommends that Peterson's emergency motion for injunctive relief (ECF No. 17) be **DENIED**.

Dated: November 14, 2023

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2023.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager