UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>                     Plaintiff,<br><br>v.<br><br>CORBY,<br><br>                     Defendant. | Case No. 23-10090<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
AND EXTENDING SCHEDULING ORDER DATES
(ECF NO. 52)**

**A.**

Plaintiff Toran Peterson, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) officer Corby under 42 U.S.C. § 1983, alleging that he used excessive force. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. Peterson moves to "overrule defendant's objections to plaintiff's interrogatories and request to produce," which this Court interprets as a motion to compel discovery under Federal Rule of Civil Procedure 37. ECF No. 52. Before addressing Peterson's requests and Corby's answers, the Court will summarize some discovery

rules. Next, the Court will address the portions of Peterson's motion to compel that are denied, and then those that are granted in whole or in part.

**B.**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." After the enactment of the 2015 amendments to Rule 26(b)(1), the scope of discovery cited in earlier opinions is obsolete.

For example, in *Oppenheimer Fund, Inc. v. Sanders*, the "key phrase" of Rule 26(b)(1), "'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." 437 U.S. 340, 351 (1978). Now, Rule 26(b)(1) does not include the "key phrase" cited in *Oppenheimer*; the amended rule more narrowly allows discovery that "is relevant to any

2

party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).

So it is "inappropriate to continue to cite to *Oppenheimer* for the purpose of construing the scope of discovery under amended Rule 26(b)(1)." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 820-23 (W.D. Pa. 2016). Unlike the operative language of Rule 26(b)(1) in *Oppenheimer,* "[t]he [2015] rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Rule 26, advisory committee's notes (2015).

A party requesting documents must describe each request with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A). A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc.*, No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018). Courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were

"anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding that the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity. Fed. R. Civ. P. 33(b)(4) & 34(b)(2). A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment. *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018). The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018). And "a party cannot cloak its answers in without-waiving objections." *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015). In other words, "[a] party either objects to production or produces. If it produces, the objections are generally deemed waived." *Riley v. NewPenn Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

Neither party fully complied with the summarized discovery rules. But as a licensed attorney, Corby's counsel's frivolous and evasive answers are more troubling.

## C.

The Court denies Peterson's requests to compel answers to Interrogatory Nos. 1-6. In Interrogatory No. 1, Peterson requests that Corby provide "full/complete detail leaving nothing out as to each and everything you did in responding to the two incidents." ECF No. 52, PageID.323-324. This request is not reasonably particularized. And though Corby made a "without waiving" objection, his answer detailed his relevant actions in response to Peterson's alleged fighting. *Id.*

Corby's answer to Interrogatory No. 1 also provided an adequate answer for Interrogatory No. 4, which asked why Corby used the taser on Peterson. *Id.*, PageID.325. And Corby's answer to Interrogatory No. 5 sufficiently addressed Peterson's question about how a Taser works. *Id.*, PageID.326.

Interrogatory Nos. 2-3 and 6 asked about MDOC policies and whether Corby's actions complied with them. *Id.*, PageID.324-327. Corby objected to the requests for details about MDOC because disclosing MDOC's policies could pose security risks. *Id.* Prison officials generally

5

enjoy deference over penological decisions about safety and security within a prison. *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995); *see also Shadburne v. Bullitt Cnty., Kentucky*, No. 3:17CV-00130-DJH, 2017 WL 6391483, at *3 (W.D. Ky. Dec. 14, 2017) ("Federal courts have repeatedly found good cause to limit discovery or disclosure of information implicating the safety and security of prisons and jails.").

But "[t]hat deference does not extend to MDOC's obligation to meet its legal burdens in litigation." *Abel v. Lyon*, No. CV 19-12556, 2020 WL 8813736, at *3 (E.D. Mich. Aug. 4, 2020). To address Corby's concerns about the disclosing the policies and procedures, he should have, but did not, moved for a protective order under Rule 26(c)(1), specifying facts showing a clearly defined or serious injury resulting from disclosing the policies. *See Lange v. Michigan Dep't of Corr.*, No. 21-CV-10317, 2022 WL 22629255, at *1 (E.D. Mich. Aug. 19, 2022); *see also Shadburne*, 2017 WL 6391483 at *3 (granting motion for protective order to prevent public release of policies and procedures because of risks to prison safety and security); *Johnson v. CoreCivic, Inc.*, No. 18-CV-01051-STA-TMP, 2019 WL 2158239, at *1 (W.D. Tenn. Apr. 3, 2019) (granting motion for protective order to prevent public disclosure of video footage of assault in prison because of risks to prison safety and security).

6

Even so, the MDOC policies are of too little relevance to Peterson's excessive force claim for this Court to compel their production. Peterson argues that if Corby acted contrary to the policies, that could be evidence that he acted with deliberate indifference. ECF No. 52, PageID.317. But to show deliberate indifference under the Eighth Amendment, a plaintiff must "show that force was not applied in a good-faith effort to maintain or restore discipline, but instead applied maliciously and sadistically to cause harm." *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 133 (6th Cir. 2014) (cleaned up).

Peterson cites no authority that any violation of MDOC policies on use of force "equates to a constitutional violation." *Id.* at 138. Rather, the "relevant question" is whether Corby acted "maliciously and sadistically for the very purpose of causing harm." *Id.* (cleaned up); *see also Winkler v. Madison Cnty.*, 893 F.3d 877, 891 (6th Cir. 2018) ("Nor does the failure to follow internal policies, without more, constitute deliberate indifference."). The Court thus finds MDOC's policies are unimportant for resolving the issues here and denies Peterson's motion to compel Corby to produce the requested policies.

For these reasons, the Court will not compel Corby to answer Interrogatory Nos. 1-6.

**D.**

Corby must answer the remaining discovery requests in whole or in part as outlined below.

In Interrogatory No. 7, Peterson requested the identities and contact information of witnesses who had discoverable information as well as the "subjects of information" that those witnesses may provide to support Corby's defense. ECF No. 52, PageID.327. Corby objected that disclosing the contact information for the witnesses would pose security concerns, but he failed to move for a protective order. *Id.* But because courts have routinely recognized the security risks inherent in providing prisoners with the addresses of government officials, *see VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004), the Court will not order Corby to disclose the witnesses' contact information. Corby's boilerplate objections do not, however, justify his failure to outline the subjects of information he expects his witnesses to provide in support of his defense. He must supplement his response to Interrogatory No. 7 to cure this deficiency.

Corby's objections to Interrogatory No. 8 also lacks merit. Peterson asked for a "description by category and location of documents, electronically stored information, and tangible things" that Corby has in his "possession, custody, or control and may use unless it would be solely for

8

impeachment." ECF No. 52, PageID.327-328.  Corby objects that Peterson provided no timeframe, but the request is limited to items that Corby will use for his defense.  So Corby's objection that Interrogatory No. 8 is not proportional to the needs of the case is nonsensical.  And because Peterson limited this request to items within Corby's possession, custody, and control, the objection "to the extent the documents requested are not in [Corby's] possession, custody, or control" is also illogical.  *Id.*  Corby must identify the items of evidence that he will rely on for his defense as request in Interrogatory No. 8.

Interrogatory Nos. 9 and 10 request that Corby state the causes and outcomes for which he has been investigated or grieved.  ECF No. 52, PageID.328-329.   The Court agrees with Corby that this request is overbroad, but orders Corby to disclose whether he has been investigated for excessive force, to identify the dates of any investigations and grievances, and to describe the outcomes.

Request for Production of Documents No. 1 asks for documents about the two incidents at issue.  *Id.*, PageID.330-331.  Corby objects to producing medical information about other prisoners.  *Id.*  The Court does not infer that Peterson's request included medical records and will not order Corby to produce any.  Corby did not object to producing the July and

9

August misconduct reports, which totaled six pages, but conditioned its production on Peterson paying $0.25 per page. Corby had no grounds to condition producing the misconduct reports on Peterson's payment. "Absent a protective order, it generally falls to the party producing discovery to bear the costs of production." *Cahoo v. SAS Inst. Inc.*, 377 F. Supp. 3d 769, 776 (E.D. Mich. 2019). Corby must produce the misconduct reports and any other investigative documents related to the two incidents.

Finally, Corby objected to producing video footage of the incidents, stating that doing so would pose safety and security risks. ECF No. 52, PageID.331. But Corby has not moved for a protective order, and the likely result of a motion for protective order would be to protect against public disclosure of the video footage. *See, e.g.*, *Johnson*, 2019 WL 2158239 at *1. Of note, Corby relies on the video footage in his motion for summary judgment. ECF No. 59. He cites no authority that would allow him to rely on evidence that he has refused to disclose to Peterson. Corby must permit Peterson to view the video coverage that Corby relies on in his motion for summary judgment.

**D.**

Defense counsel's perfunctory and frivolous treatment of Peterson's discovery requests evidence a presumption that MDOC officials who are sued by pro se prisoners are exempt from the normal rules of discovery. In other litigation, this Court would order the party who showed such disregard for his discovery obligation to reimburse the moving party for his attorney's fees and costs. *See* Rule 37(a)(5)(C). But Peterson has no attorney's fees and his costs were nominal. That said, the Court warns attorneys from the Michigan Department of Attorney General, Corrections Division, that it will begin imposing appropriate sanctions under Rule 26(g) when counsel signs discovery responses that violate that rule.

Corby must supplement his responses to Peterson's discovery requests as ordered here by **July 12, 2024**. Because Corby's evasive and violative discovery responses may hamper Peterson's ability to respond to Corby's motion for summary judgment, the Court will extend the deadline for Peterson to respond to that motion to **August 2, 2024**. Corby's reply to the motion for summary judgment will thus be due on **August 9, 2024**.

**IT IS ORDERED.**

Dated: June 27, 2024　　　　　　　　　s/Elizabeth A. Stafford
　　　　　　　　　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2024.

                                         s/Donald Peruski
                                         DONALD PERUSKI
                                         Case Manager