UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>                Plaintiff,<br><br>v.<br><br>CORBY,<br><br>                Defendant. | Case No. 23-10090<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART PLAINTIFF'S
SECOND MOTION TO COMPEL (ECF NO. 67)**

**A.**

Plaintiff Toran Peterson, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) officer Corby under 42 U.S.C. § 1983, alleging that he used excessive force. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

In June 2024, the Court granted in part Peterson's first motion to compel discovery from Corby. ECF No. 60. The Court ordered Corby to (1) supplement his responses for Interrogatory Nos. 7-10, (2) produce the misconduct reports and any other investigative documents related to the

two incidents in the complaint, and (3) permit Peterson to view the video footage that he relies on in the motion for summary judgment. *Id.*, PageID.454-456.

In his second motion to compel, Peterson now argues that Corby's responses to Interrogatory Nos. 8-10 are deficient and that he must be permitted to view unredacted video footage of the incidents. ECF No. 67, PageID.479. Peterson also seeks an extension of the discovery deadline to "engage in further discovery" and a 30-day extension to respond to the motion for summary judgment. *Id*. The Court will address the portions of Peterson's motion to compel that are denied, and then those that are granted.

**B.**

The Court first addresses Peterson's request for Corby to produce the surveillance video footage of the two incidents. ECF No. 67, PageID.479. The Court ordered Corby to "permit Peterson to view the video coverage that Corby relies on in his motion for summary judgment." ECF No. 60, PageID.456. Peterson argues that the videos that MDOC showed him were "altered/doctored," so he wants "all original recordings." ECF No. 67, PageID.479. Corby responds that the MDOC followed the Court's order and permitted Peterson to view the videos that are attached

2

to the motion for summary judgment. ECF No. 72, PageID.521. The Court has viewed the videos and sees no evidence of them being altered or excluding any relevant part of the two times that Peterson was tasered in July and August 2022. Peterson fails to show that his viewing of more video footage would be important to resolve this case. See Fed. R. Civ. P. 26(b)(1). Thus, the Court denies Peterson's request to view more video footage.

The Court next denies Peterson's requests to compel answers to Interrogatory Nos. 8 and 9. For Interrogatory 8, Peterson asked for a "description by category and location of documents, electronically stored information, and tangible things" that Corby has in his "possession, custody, or control and may use unless it would be solely for impeachment." ECF No. 67, PageID.482. The Court then ordered Corby to "identify the items of evidence that he will rely on for his defense as requested in Interrogatory No. 8." ECF No. 60, PageID.455. Corby supplemented his response by listing the critical incident reports, misconduct hearing reports, and surveillance videos from the incidents in July and August 2022. ECF No. 67, PageID.482-483. Peterson argues that he should receive "all discoverable information not just what they may

use." *Id.*, PageID.479.  But Corby's response sufficiently answers Peterson's interrogatory and complies with this Court's order.

For Interrogatory No. 9, the Court ordered "Corby to disclose whether he has been investigated for excessive force, to identify the dates of any investigations, and to describe the outcomes."  ECF No. 60, PageID.455 (cleaned up).  Corby stated that he is "involved in one pending investigation involving excessive force" that "began on October 20, 2023 and has not been completed."  ECF No. 67, PageID.483.

Peterson argues that the answer is inadequate because Corby did not detail past investigations.  *Id.*, PageID.479.  But Corby responds that he answered fully and "has not been involved in any past investigations for excessive force."  ECF No. 72, PageID.519.  Thus, Corby's response adequately answered Peterson's interrogatory, as there were no other excessive force investigations.

Last, the Court addresses Peterson's request for further discovery and to extend the discovery deadline.  The Court may grant Peterson's request if he shows good cause for the extension.  Fed. R. Civ. P. 16(b)(4); *see also In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, 570 F. Supp. 3d 473, 477 (E.D. Ky. 2020)

4

(describing scheduling orders as critical and detailing the factors for assessing whether good cause justifies an extension).

Peterson argues that Corby's insufficient answers required him to file a motion to compel, "which took away from Pltf. being able to present further questions in regards to the answers provided." ECF No. 67, PageID.479. Peterson filed his first motion to compel in March 2024, and discovery ended in April 2024. ECF No. 52; ECF No. 39, PageID.267. He does not explain why he did not seek an extension before the deadline expired. And Peterson's motion to extend the discovery deadline hinges on his effort to seek information about the surveillance video footage, the video operating system, and who handles it. ECF No. 67, PageID.491. Peterson does not justify a need for this information, and it is unclear how the requests are relevant to the case. Reopening discovery at this late date would also require an extension of the dispositive motion deadline (June 21, 2024) and would prejudice Corby. Peterson shows no good cause to reopen discovery, so the Court denies his request.

## C.

But the Court will order supplementation of Corby's answer to Interrogatory No. 10.  For this interrogatory, the Court ordered Corby "to identify the dates of any grievances" and "to describe the outcomes."  ECF No. 60, PageID.455.  In his supplemental response, Corby stated that he does "not recall any grievances filed against [him] involving excessive force."  ECF No. 67, PageID.483.  Peterson argues that the response is inadequate because the MDOC possesses the information about grievances.  *Id.*, PageID.479.  The Court agrees.

The MDOC regularly searches its databases and produces histories of grievances and related records when moving for summary judgment on exhaustion grounds for individual defendants.  *See, e.g.*, *Moore v. Washington*, ___ F. Supp. 3d ___, 2024 WL 1556455, at *2 (E.D. Mich. Apr. 10, 2024) (in moving for summary judgment, MDOC defendants cited a grievance report showing that plaintiff did not pursue any grievances through Step III); *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 785 (E.D. Mich. 2016) (discussing an affidavit attached to MDOC defendant's motion for summary judgment that "explain[ed] the grievance procedure and summariz[ed] the grievance report from the MDOC").  And "the Federal Rules of Civil Procedure grant courts broad discretion in determining the

scope and method of discovery based upon the circumstances of each case." *Johnson v. Int'l Steel & Counterweights LLC*, No. 4:20-CV-2584, 2021 WL 5359198, at *2 (N.D. Ohio Nov. 17, 2021).

The Court thus **ORDERS** defense counsel to file an affidavit with the Court, copied to Peterson, with copies of any records of grievances against Corby with claims of excessive force by **September 10, 2024**. If there are no such grievances, the affidavit should say so.

Finally, the Court will extend the deadline for Peterson to respond to Corby's motion for summary judgment; Peterson must file his response by **September 24, 2024**. **No further extensions will be granted**. Corby's reply to the motion for summary judgement may be filed by **October 1, 2024**.

**IT IS ORDERED.**

                s/Elizabeth A. Stafford
                ELIZABETH A. STAFFORD
                United States Magistrate Judge
Dated: August 28, 2024

### **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 28, 2024.

                                                    s/Julie Owens
                                                  JULIE OWENS
                                                  Case Manager