UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JUSTIN CORBY,<br><br>　　　　　　　　　Defendant. | Case No. 23-cv-10090<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 77)**

**A.**

Plaintiff Toran Peterson, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) officer Corby under 42 U.S.C. § 1983, alleging that he used excessive force.  ECF No. 1.  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.

In June 2024, the Court granted in part Peterson's first motion to compel discovery from Corby.  ECF No. 60.  The Court ordered Corby to (1) supplement his responses for Interrogatory Nos. 7-10, (2) produce the misconduct reports and any other investigative documents related to the two incidents in the complaint, and (3) permit Peterson to view the video

footage that he relies on in the motion for summary judgment. *Id.*, PageID.454-456.

In a second motion to compel, Peterson argued that Corby's responses to Interrogatory Nos. 8-10 were deficient. ECF No. 67, PageID.479. The Court granted Peterson's motion in part and ordered supplementation of Corby's answer to Interrogatory No. 10 with an affidavit and any records of grievances filed against Corby with claims of excessive force by September 10, 2024. ECF No. 76.

On September 4, 2024, Corby filed an emergency motion for reconsideration of the Court's order granting Peterson's motion to compel grievance records. ECF No. 77. The Court **GRANTS** Corby's motion.

**B.**

When moving for reconsideration of a non-final order under Federal Rule of Civil Procedure 60, the movant must show that (1) the Court erred and that correcting the error would change the outcome of the decision; (2) an intervening change in controlling law warrants a different outcome; or (3) new facts that were previously unavailable warrant a different outcome. E.D. Mich. LR 7.1(h)(1); *see also Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003).

Corby asks the Court to vacate its order to compel grievance records because new facts that were previously unavailable warrant a different outcome. ECF No. 77, PageID.583-586. Corby explains that his counsel did not anticipate that the Court would interpret Peterson's request for a supplemental interrogatory response from Corby as a request for documents from the MDOC. *Id.*, PageID.583. Thus, information from the MDOC regarding the difficulty of reviewing grievance records was not provided to the Court. *Id*. Upon review of the Court's order by a litigation specialist at the MDOC, it became apparent that producing the records would be especially difficult and time-consuming. *Id.*, PageID.581. These new facts warrant a different outcome and are sufficient to support Corby's motion for reconsideration under Federal Rule of Civil Procedure 60.

**C.**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The proportionality factors are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit." Rule 26(b)(1). A party asserting a claim that responding to a discovery request would be unduly burdensome "must submit affidavits or other evidence to substantiate its objections," *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017), and may not rest on "bald generalizations or a conclusory assertion that production will be time-consuming and/or expensive," Hon. Craig B. Shaffer, The "Burdens" of Applying Proportionality, 16 Sedona Conf. J. 55, 93 (2015). Corby has met this burden.

The Court agrees with Corby that requiring the MDOC to produce the grievance records is not proportional to the needs of the case because the burden outweighs any likely benefit to Peterson. In support, Corby submitted an affidavit from Jaquine Castillo—a litigation specialist at the MDOC. ECF No. 77-1, PageID.588-592. Ms. Castillo explains that there is no functional way to collect and review all grievances involving excessive force filed against Corby. *Id*., PageID.590. Instead, MDOC staff would have to physically search and review approximately 11,300 prisoner grievances. *Id*. Grievances are usually handwritten and are not always legible. *Id*. For these reasons, it would take approximately 565 hours to complete a review of the records. *Id*. at 591.

Apprised of this information, the Court recognizes that a search for grievances against Corby involving excessive force would be an especially time-consuming and burdensome pursuit for the MDOC. And when "the requested records related to defendant correctional officers," courts often "deny production of inmate grievances filed against defendant correctional officers 'on the ground that it would be unduly burdensome due to the fact that they are cataloged by inmate and not by [DOC] staff.'" *Cameron v. Menard*, No. 5:18-cv-204, 2021 WL 2805603, at *7 (D. Vt. July 6, 2021).

The importance of any such grievances against Corby in resolving the specific issues in Peterson's case is low, as "[t]he mere filing of a grievance against one of these Defendants is not likely to lead to the discovery of relevant evidence." *See Williamson v. Hass*, No. 13-11066, 2014 WL 1652188, at *1 (E.D. Mich. Apr. 24, 2014).

For the foregoing reasons, the Court **GRANTS** Corby's motion for reconsideration and **VACATES** the part of the order requiring the MDOC to search for grievances filed against Corby alleging excessive force.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 9, 2024

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2024.

s/J/ McCoy
J. McCoy
Case Manager
