UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>    Plaintiff,<br><br>v.<br><br>JUSTIN CORBY,<br><br>    Defendant. | Case No. 23-cv-10090<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 92), DENYING PLAINTIFF'S MOTION SEEKING ADDITIONAL DISCOVERY (ECF NO. 96), AND EXTENDING THE DEADLINE FOR ORDER TO SHOW CAUSE (ECF NO. 85)**

  Plaintiff Toran Peterson, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) officer Corby under 42 U.S.C. § 1983, alleging that he used excessive force. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. Peterson now moves for reconsideration of the Court's order denying his motion to compel and for additional discovery. ECF No. 92; ECF No. 96.

## A.

The Court denied Peterson's request for more video footage, finding that there is no evidence that the videos provided by the MDOC were altered to exclude any relevant parts. ECF No. 76, PageID.567. "Courts will generally entertain a motion for reconsideration only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (internal citations and quotation marks omitted). The Court finds that reconsideration of its order is not warranted. Peterson includes similar arguments raised in his previous motion to compel related to the release of additional video footage. *See* ECF No. 67; ECF No. 92. But he does not cite a change of the law, new evidence, or clear error.

And Peterson's claim that the Court has shown bias against him does not support his request for reconsideration. "A party cannot establish bias simply because it is unhappy with a [ ] judge's rulings." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009).

## B.

The Court ordered Peterson to show cause why his case should not be dismissed for the reasons described in Corby's motion for summary judgment. ECF No. 85. And the Court granted Corby's request for a 30-day extension to respond to the show cause order. ECF No.90. Now Peterson moves for additional discovery under Federal Rule of Civil Procedure 56(d) before responding to the order to show cause. ECF No. 96.

Rule 56(d) is implicated when "facts are unavailable to the nonmovement." Under the rule, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order." *Green v. Miller*, No. 13-CV-14247, 2014 WL 1846063, at *6 (E.D. Mich. May 8, 2014). So a party seeking relief under Rule 56(d) must "file an affidavit that indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has previously not discovered the information." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003).

Peterson's motion for additional discovery repeats arguments concerning video footage addressed in his motion for reconsideration. ECF No. 96, PageID.666. He requests medical records, information about the taser and how it functions, the taser manual, and the prison's policy on the use of force. *Id*. But Peterson does not explain why he needs this information to defend the motion for summary judgment. Instead, Peterson makes "only general and conclusory statements regarding his need for discovery," which are not enough to support a request for more discovery under Rule 56(d). *See Ball v. Union Carbide Corp*., 385 F.3d 713, 720 (6th Cir. 2004) (cleaned up).

## C.

Peterson's motion for reconsideration (ECF No. 92) and his motion for additional discovery (ECF No. 96) are **DENIED**. But the Court will extend the deadline for Peterson to show cause (ECF No. 85). Peterson must show cause in writing by **December 18, 2024,** why the case should not be dismissed for the reasons described in Corby's motion for summary judgment. **The Court will not extend the deadline any longer.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: November 19, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2024.

                                                    s/Davon Allen
                                                  DAVON ALLEN
                                                  Case Manager