UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CORBY,<br><br>　　　　　　Defendant. | Case No. 23-10090<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PETERSON'S MOTION TO STAY THE ORDER TO SHOW CAUSE AND FOR RECUSAL
(ECF NO. 98)**

Plaintiff Toran Peterson, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) officer Corby under 42 U.S.C. § 1983, alleging that he used excessive force. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

Corby moved for summary judgment. ECF No. 59. After Peterson failed to respond to the motion, the Court ordered him to show cause by October 9, 2024, and later extended the deadline until November 8, 2024. ECF No. 85; ECF No. 90. From March to December 2024, the Court has dealt with Peterson's discovery motions. ECF No. 52; ECF No. 60; ECF

No. 67; ECF No. 76; ECF No. 79; ECF No. 92; ECF No. 96; ECF No. 97. The Court ultimately denied Peterson's motion for reconsideration, for more discovery, and to extend the deadline to respond to the motion for summary judgment, as he did not show that the information was necessary to defend against the motion. ECF No. 97. The Court ordered Peterson to show cause by December 18, 2024, and warned that it would not extend the response deadline any longer. *Id.* Peterson has objected to the rulings on the discovery motions. ECF Nos. 65, 66, 83, 93.

Peterson now moves to stay the order to show cause pending Judge Goldsmith's resolution of his objections to discovery orders. ECF No. 98. He also seeks the undersigned's recusal. *Id.* The Court denies both requests.

The party seeking a stay pending an appeal must establish that a stay is warranted. *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). The Court must balance four factors when deciding a motion to stay:

> 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Id.* "The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm

that will be suffered if a stay does not issue." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). Even so, "in order to justify a stay of the district court's ruling, the [moving party] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.*

Peterson has failed to justify a stay of the order to show cause. First, Peterson does not show a likelihood of success on the merits of his objections because he cannot show that the orders are "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a). And Peterson cannot show that he will suffer irreparable harm absent a stay. The fact that a party must comply with a magistrate judge's order without a stay is not enough to show irreparable harm. *City of Holland v. Fed. Ins. Co.*, No. 1:13-CV-1097, 2014 WL 2557124, at *2 (W.D. Mich. June 6, 2014) (denying a stay when the only harm alleged was that plaintiff would be required to produce documents under a magistrate judge's order). Since Peterson has shown neither a likelihood of success on the merits nor that he will suffer irreparable harm absent a stay, his motion to stay the show cause order is denied.

The Court also rejects Peterson's argument that it should recuse itself. Without detailed explanation, Peterson says that the undersigned "has shown that she has a deep-seated favoritism or antagonism that would make fair judgment impossible through every major ruling." ECF No. 98, PageID.673 (cleaned up).

A judge is presumed to be impartial. *Scott v. Metro Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2001). Thus, the movant has the burden to justify disqualification. *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). Recusal is an objective standard and is not based on the subjective viewpoint of the party. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A judge is not disqualified when the alleged bias emanates from the proceeding themselves. *Wheeler,* 875 F.2d at 1252. Thus, the "critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id*. (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1965)).

A party alleging bias or prejudice must file a timely and sufficient affidavit stating the facts and the reasons for the belief that bias or prejudice exists.  See 28 U.S.C. § 144; *Easley v. University of Michigan Bd. of Regents*, 853 F.2d 1351, 1357 (6th Cir. 1988).  Peterson has not filed an affidavit in conformity with Section 144 and he does not identify any extrajudicial source, any association outside of the proceedings, or any basis other than what the undersigned has learned from the case that justifies recusal.  For this reason, the Court denies Peterson's motion for recusal.

**IT IS ORDERED.**

Dated: January 29, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2025.

                                                s/Davon Allen
                                                DAVON ALLEN
                                                Case Manager