UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,

       Plaintiff,                                      Case No. 23-CV-10090

vs.                                          HON. MARK A. GOLDSMITH

CORBY,

       Defendant.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 29, 2023 (Dkt. 103),
(2) GRANTING CORBY'S MOTION FOR SUMMARY JUDGMENT (Dkt. 59), AND (3)
DENYING PETERSON'S MOTION FOR INJUNCTIVE RELIEF (Dkt. 69)**

This matter is presently before the Court on the Report and Recommendation (R&R) of

Magistrate Judge Elizabeth A. Stafford, issued on January 29, 2024.  In the R&R, the Magistrate

Judge recommends that the Court grant Defendant Justin Corby's motion for summary judgment

(Dkt. 59), dismiss Plaintiff Toran Peterson's Eighth Amendment claim, and dismiss his state-law

claims without prejudice.

The parties have not filed objections to the R&R, and the time to do so has expired.  See

Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of

the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not

appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash,

328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Therefore, the Court has reviewed the R&R for clear error.  On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court grants Corby's motion for summary judgment (Dkt. 59), dismisses Peterson's Eighth Amendment claim with prejudice, and dismisses his state-law claims without prejudice. The Court also denies, as moot, Peterson's motion for injunctive relief (Dkt. 69).

SO ORDERED.

s/Mark A. Goldsmith
Dated: March 20, 2025                    MARK A. GOLDSMITH
      Detroit, Michigan                  UNITED STATES DISTRICT JUDGE