UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,

        Plaintiff,                      Case No. 23-cv-10090

v.                                       HON. MARK A. GOLDSMITH

CORBY,

        Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 113)**

The matter before the Court is Plaintiff Toran Peterson's motion for reconsideration (Dkt. 113). Peterson asks the Court to reconsider its March 20, 2025 order (Dkt. 109) (i) accepting the magistrate judge's report and recommendation (R&R) (Dkt. 103), (ii) granting Corby's motion for summary judgment (Dkt. 59), and (iii) denying Peterson's motion for injunctive relief (Dkt. 69). For the reasons explained below, Peterson's motion is denied.

## I.    ANALYSIS

Peterson argues that the Court should reconsider its March 20, 2025 order because the Court did not review his untimely objections to the magistrate judge's R&R. Mot. at PageID.879. The Court did not receive Peterson's objections to the R&R (Dkt. 111) until March 31, 2025—11 days after issuing its order adopting the R&R and 28 days after objections were due. Peterson's objections were due March 3, 2025, but he did not place them in the mail until March 24, 2025. The Court denied Peterson's second motion for an extension of time (Dkt. 108) after having already granted Peterson a 20-day extension (Dkt. 105). There was nothing improper about the Court's decision not to grant a second extension.

Regardless, Peterson's objections are not well founded for the reasons Corby lays out in his response to Peterson's objections (Dkt. 112). Peterson's first objection is that the video evidence submitted along with Corby's motion for summary judgment was somehow "altered/doctored," Obj. at PageID.794, but Peterson presented no evidence that this was the case. His second objection is that the magistrate judge should have found that Corby used excessive force against Peterson, id. at PageID.795, but the Sixth Circuit has denied excessive force claims where the prisoner only suffered minor injuries such as tenderness, bruising, and minor lacerations, Bullocks v. Hale, No. 20-3428, 2021 WL 1578198, at *2 (6th Cir. Mar. 1, 2021). Third, Peterson argues that the R&R failed to properly consider the extent of his injuries, Obj. at PageID.795, but Peterson's injuries did not result from being excessively tased but rather from how he fell, R&R at PageID.775. Fourth, Peterson argues that Corby should not have used a taser around various hazards to avoid serious injury to the person being tased, Obj. at PageID.795, but he is barred from introducing new evidence in an objection, see Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In his fifth and final objection, Peterson argues that the Court erroneously found that Corby is entitled to qualified immunity because of the "doctored video," Obj. at PageID.795, but there is no evidence that the video was altered. So even if Peterson's objections had been timely, he would not be entitled to any relief.

### III. CONCLUSION

For the reasons stated above, the Court denies Peterson's motion for reconsideration (Dkt. 113).

SO ORDERED.

Dated: May 2, 2025  s/ Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
        United States District Judge